**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jean Pierre WHITE, Defendant–**
**Appellant.**

**No. 99–10604.**
**D.C. No. CR–97–20025–RMW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided May 8, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Jean Pierre White appeals his conviction and sentence after a guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Pursuant to the government's recommendation, White was sentenced to time served.

In this appeal, White challenges the voluntariness of his plea. He claims that the district court did not adequately inquire into the reason for his pleading guilty in light of his protestation of innocence two weeks earlier, when the district court refused to accept his plea. *See North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

We conclude that here, the district court conducted an adequate inquiry into the reason for the guilty plea. The defendant was very familiar with the nature of the government's case against him, for there had already been two trials ending in mistrials. At this change of plea proceeding, the court asked the defendant directly to "tell me what you did that satisfies you that you are guilty." The defendant responded that his plea was "based on the facts that the government presented at trial," and he believed that the government

"can prove that I am guilty." The court then summarized exactly what the government would have to prove with reference to the facts of his case and the elements of the crime, and asked whether the defendant understood that he was "accepting that the government can prove that beyond a reasonable doubt." The defendant responded that he understood.

The reason for the defendant's acceptance of the plea is apparent. The plea allowed White to be sentenced to time served, while the presentence report recommended a far higher sentence of 70 months. The defendant was afforded all of the protections to which a defendant protesting innocence is entitled, even if we accept defendant's suggestion that the circumstances of his plea did not indicate that he was acknowledging guilt. See *Alford,* 400 U.S. at 37, 91 S.Ct. 160.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.